UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK TORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-01101-LJM-MJD |
| | ) |
| RENK SYSTEMS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In this action, Derrick Toran ("Toran") asserts claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Dkt. No. 1. On June 8, 2017, Defendant Renks Systems Corporation ("Renk") moved to dismiss Plaintiff Derrick Toran's ("Toran's") Complaint for lack of jurisdiction or for failure to state a claim. Dkt. No. 12. Renk asserted that it did not meet the definition of employer under either statute at all relevant times because it had only nine employees. *See*, *generally*, Dkt. Nos. 13, 14, 19 & 31 (citing, *inter alia*, 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b); *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 207 (1997); Dkt. No. 31-1). In addition, Renk argues that there is no "affiliation rule" that the "integrated enterprise test" is not applicable to Toran's discrimination claims. Dkt. Nos. 19 & 31. On July 14, 2017, the Court converted Renk's Motion to Dismiss to one for summary judgment because it relied upon documents outside the pleadings to support its motion. Dkt. No. 21.

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(a), which provides in relevant part: The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a fact either is or cannot be genuinely disputed. Fed.R.Civ.P. 56(c)(1). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986); *Oliver v. Oshkosh Truck Corp.,* 96 F.3d 992, 997 (7th Cir.1996).

In response on summary judgment, Toran asserts that, pursuant to Rule 56(d), he has not been afforded the opportunity to discover the facts that he needs to prove that Renk is a "shell" corporation, which would prove under the "affiliation" rule that Renk should be combined for purposes of this law suit with Renk Test Systems GmbH. Dkt. Nos. 17 & 30. However, there is no "affiliation" rule and Toran cites no law in support of such a rule. Further, if Toran seeks to proceed under an integrated enterprise theory, it is unavailable in a discrimination suit. *See Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940 (7th Cir. 1999). In addition, Toran's "shell corporation" theory is without merit because it would require a conclusion that the

non-resident corporation be subject to personal jurisdiction in this district and there is simply no factual support for such a finding in the record. At this stage of the litigation, Toran is required to show at least a *prima facie* case that jurisdiction exists, which he has not done. *See GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (setting forth the factors necessary for a finding of personal jurisdiction); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-84 (7th Cir. 2003) (discussing the requirements for exercising personal jurisdiction over a non-resident defendant); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) (stating that "stock ownership in or affiliation with a corporation, without more, is not sufficient minimum contact").

It is uncontroverted that Title VII defines "employer" to mean companies with fifteen or more employees, 42 U.S.C. § 2000e(b); and that the ADEA defines "employer" to mean companies with twenty or more employees, 29 U.S.C. § 630(b). Renk has provided evidence in the form of payroll records that, at all relevant times, it had less than fifteen employees. *See* Dkt. No. 14-1. Therefore, there is no material question of fact that Renk is not an employer for purposes of suit under either Title VII or the ADEA.

For these reasons, Defendant Renk Systems Corporation's Motion to Dismiss, which the Court converted to one for summary judgment, Dkt. No. 12, is **GRANTED**. The Court will enter judgment accordingly.

IT IS SO ORDERED this 23d day of August, 2017.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DERRICK TORAN
8421 Sawgrass Dr.
Indianapolis, IN 46234

David Williams Russell
HARRISON & MOBERLY (Indianapolis)
drussell@harrisonmoberly.com